a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ASHTON DAVIS, Petitioner | CIVIL DOCKET NO. 5:19-CV-00703-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by *pro se* Petitioner Ashton Davis ("Davis") (#630404). Davis is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Davis challenges his conviction and sentence imposed in the 26th Judicial District Court, Webster Parish.

Because a review of Davis's pleadings and exhibits establishes that Davis is not entitled to relief, his § 2254 Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE under Rule 4 of the Rules Governing Section 2254 Cases in The United States District Courts ("Rules Governing § 2254 Cases").

I. Background

Davis pleaded guilty to armed robbery with the use of a firearm. He was sentenced to 30 years of imprisonment at hard labor. (Doc. 1-2, p. 3). Davis filed an application for post-conviction relief claiming that he received ineffective assistance of counsel because he was not informed of a plea deal that had been offered by the

prosecution. (Doc. 1-2, p. 3). The application was denied, as were supervisory writs. See State v. Davis, 2018-1447 (La. 5/6/19); 269 So.3d 693.

Based on the plea agreement under which Davis ultimately pleaded guilty, it was agreed that Davis would receive no more than 35 years of imprisonment, and the State would not charge him as a multiple offender. (Doc. 1-2, p. 3). Davis claims that there had been a plea offer of 22 years that was not presented to Davis by his attorney. (Doc. 1).

According to correspondence by the prosecution to Davis's attorney, the plea offer of 22 years of imprisonment was withdrawn after Davis escaped from custody. (Doc. 1-2, p. 6).

II.    Law and Analysis

    A.    Davis's Petition (Doc. 1) should be dismissed under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    B.    Davis cannot establish ineffective assistance of counsel.

Claims of ineffective assistance of counsel are governed by the guidelines established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The right to effective assistance of counsel extends to the plea-bargaining process.

2

See Lafler v. Cooper, 566 U.S. 156, 162 (2012) (citing Missouri v. Frye, 566 U.S. 134, 132 (2012)). Successful challenges to guilty pleas based on ineffective assistance of counsel must establish that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. See Lafler, 566 U.S. at 162–63 (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)).

Thus, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Id. at 163. If a petitioner alleges that he would have accepted a plea but for the advice of his counsel, then the petitioner must show that there is a reasonable probability that: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 164.

Davis cannot meet the applicable standard because he cannot show that "the prosecution would not have withdrawn" the offer in light of intervening circumstances. In fact, the prosecution did withdraw the 22-year offer because of Davis's escape from custody while the armed robbery charges were pending. (Doc. 1-2, p. 6). Therefore, Davis cannot meet the requirements of Strickland and Lafleur.

III. <u>Conclusion</u>

Because a review of the pleadings and exhibits establishes that Davis is not entitled to relief, his § 2254 Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_5th\_ day of August 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE