UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ASHTON DAVIS,<br>Petitioner | CIVIL DOCKET NO. 5:19-CV-703-P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

*Pro se* Petitioner Ashton Davis ("Davis") (#630404) filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction and sentence imposed in the 26th Judicial District Court, Webster Parish. (Doc. 1). The Petition was denied and dismissed with prejudice on August 21, 2019. (Doc. 8). The District Judge denied a certificate of appealability because Davis did not make a substantial showing of the denial of a constitutional right. (Doc. 8).

Davis filed a "Notice of Appeal" in this Court, which was received on September 27, 2019. (Doc. 9). Davis was granted leave to appeal *in forma pauperis*. (Doc. 11).

Under the prison mailbox rule, a *pro se* prisoner's pleading is considered filed when the document is placed in the prison mailing system. See Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011). Noting that the postmark on the envelope is illegible and the final day for filing a timely notice of appeal was September 20, 2019, the United States Fifth Circuit remanded the case for this Court to determine whether Davis timely delivered the notice of appeal to prison officials for mailing. (Doc. 12).

Davis was ordered to provide this Court with evidence—such as prison mail logs or affidavits—to show the date on which he tendered the notice of appeal to prison officials for mailing. Davis responded indicating that the prison officials would not provide him with a copy of the mail log. ECF No. 14 at 1. Davis also submitted a copy of an envelope date-stamped by the DWCC mailroom on September 23, 2019. ECF No. 14 at 3. Davis concludes that, because DWCC stamped the envelope on Monday, September 23, 2019, this "should be judged sufficient to establish the notice of appeal was timely placed in the mail no later than September 20, 2019. . . ." ECF No. 14 at 1.

Rule 4 of the Federal Rules of Appellate Procedure states:

(c) Appeal by an Inmate Confined in an Institution.

(1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

    (A) it is accompanied by:
    (i) a declaration in compliance with 28 U.S.C. § 1746[1]--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or

---

[1] 28 USC § 1746 provides, in part:
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
. . .
(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

>   (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
> 
>   (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Davis did not sign or date his Notice of Appeal (ECF No. 9), and it was not accompanied by a declaration setting out the date of deposit or stating that first-class postage was prepaid. Although probative and reasonably directed at compliance with the Court's order, Davis's evidence (ECF No. 14 at 3) is inconclusive as to the date he tendered his Notice of Appeal to prison officials for mailing.

In comparable circumstances, courts have directed custodians of prison mail room logs to provide copies of documents and logs to evidence mailing and other relevant dates. *See Ricky R. Ewing v. Dr. J. Burke, et al.*, 5:19-CV-34, 2020 WL 1151068, at *2 (S.D. Miss. Mar. 9, 2020); *Presley v. Quarterman*, 3:05-CV-2533, 2007 WL 210115, at *1 (N.D. Tex. Jan. 25, 2007); *Brown v. Dretke*, 3:02-CV-2277, 2006 WL 1627987, at *1 (N.D. Tex. June 12, 2006); *Bailey v. United States*, 06-CV-168, 2006 WL 3694504, at *3 (S.D. Tex. Dec. 14, 2006), *subsequently aff'd in part, rev'd in part*, 508 F.3d 736 (5th Cir. 2007). Likewise, under these circumstances, Court intervention is warranted, and likely necessary to obtain the best available evidence regarding when Davis placed his Notice of Appeal into the prison mailing system.

Therefore, IT IS ORDERED that, within on or before **Friday April 10, 2020**, the Warden of David Wade Correctional Center, or the Warden's designated custodian of records, shall provide the Court (by mail to the Clerk of Court) with a

verified and authenticated copy of the prison mail log for Davis for the month of September 2019.

The Clerk of Court is hereby instructed to mail a copy of this Order to the Warden of David Wade Correctional Center, and to the Louisiana Attorney General.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 13th day of March 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE